Matter of Attorneys in Violation of Judiciary Law § 468-a (Yudin) (2022 NY Slip Op 02485)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Yudin)

2022 NY Slip Op 02485

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

PM-84-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Michael Keith Yudin, Respondent. (Attorney Registration No. 2501021.)

Calendar Date:April 4, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Colangelo and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Yudin & Yudin, PLLC, New York City (Steven G. Yudin of counsel), for respondent.

Motion by respondent for an order reinstating him to the practice of law following his suspension by October 2021 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 198 AD3d 1068, 1088 [2021]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16).[FN1]
Upon reading respondent's notice of motion and affidavit with exhibits sworn to December 16, 2021, and the March 21, 2022 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department, and having determined, by clear and convincing evidence, that (1) respondent has complied with the order of suspension and the Rules of this Court, (2) respondent has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate respondent to the practice of law (see Matter of Attorneys in Violation of Judiciary Law § 468-a [DaCunzo], 199 AD3d 1118, 1119 [2021]), it is
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effectively immediately.
Egan Jr., J.P., Lynch, Aarons, Colangelo and Fisher, JJ., concur.

Footnotes

Footnote 1: We take this opportunity to remind the bar that an attorney's assertion of retired status on his or her biennial registration statement (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]) does not obviate the need to register for successive biennial cycles (but see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [a]).